## THE PEOPLE v. RODRIGUEZ.

### APPEAL from the District Court of San Juan.

No. 9.—Decided May 29, 1903.

APPEAL.—ERROR APPARENT FROM THE RECORD.—When there is error apparent from the record in a criminal case, the appellate court may review the same without the necessity of a bill of exceptions.

FORGERY.—Any person who makes use of a forged document, knowing that it is forged and with intent to defraud, is guilty of forgery.

The facts are stated in the opinion.

*Mr. Moreno Calderón,* for appellant.

*Mr. del Toro,* (Fiscal) for respondent.

MR. JUSTICE MACLEARY, delivered the following opinion of the court:

This is an appeal from the District Court of San Juan, from a judgment of the said court, sentencing the defendant to five years in the penitentiary, at hard labor, and to the payment of the costs. He was accused of the crime of forgery, and the circumstances of the case were as follows:

Rodriguez bought from Doña Rosalía Santiago, who resided with her son-in-law, José Puig, in the city of Caguas, tobacco which was valued at the sum of four thousand fifty-nine *pesos* and twenty-seven *centavos*. The tobacco was delivered to him in San Juan, and when Puig came to San Juan to collect the money the defendant Rodriguez refused to make payment and presented to the said Puig an order signed with the name of Rosalía Santiago, directing Rodriguez to pay the amount of the debt to the bearer. Puig refused to acknowledge the validity of this paper, or to accept a settlement on that basis, and reported the matter to the police.

On the trial it developed that the order presented to Ro-

driguez, and purporting to be signed by Mrs. Santiago was a forgery. No explanation was made by the defendant, in regard to the person who was alleged to have presented the order, or was the bearer of the same. Testimony of experts was introduced with the usual uncertainty and variation of opinion, as to the genuineness of the signature. The court in its judgment found the facts to be as follows; to wit:

"That Manuel Rodriguez Perez contracted with Don José Puig for a quantity of tobacco, the value of which amounted to four thousand fifty-nine *pesos* and twenty-seven *centavos*, and upon the arrival of the vendor in this city and demanding of the said Rodriguez the payment of the above mentioned sum, the latter presented a letter signed by Rosalía Santiago, in which Rodriguez was ordered to deliver the said amount to the bearer of the letter. Rodriguez alleged to have complied with the same, but from the proofs presented it appears that the letter was not from the above mentioned woman, who is the mother-in-law of Puig, of which fact the court was convinced by the expert and other testimony, and from the testimony introduced by the accused Rodriguez, and that the letter was neither genuine in contents nor signature, and that by said counterfeit letter it was attempted illigitimately and illegally to elude the payment of the debt, to the prejudice of Ruiz; it not having been possible to ascertain who was the material author of the falsification, the court declares Manuél Rodriguez Perez guilty of forgery, condemning him to five years in the penitentiary at hard labor, and the payment of the costs; the tobacco being confiscated and at the disposition of José Puig, its owner."

On the trial, in the court below, the arguments of counsel were made along the same lines as those presented in this court, resulting as appears from the above quotation in the conviction of the defendant, and his condemnation to five years in the penitentiary at hard labor.

An appeal was taken in due time, and the appeal comes up to this court for consideration and review.

On the trial held in this court, Moreno Calderón, Esq., made the point that in the first place the evidence did not show his client to be guilty, and in the second place that if he was guilty of any crime it was of swindling and not of forgery.

Article 413 of the Penal Code defines the crime of for-

revisión. En el juicio oral en este Tribunal, el Sr. Moreno Calderón pretende que, en primer lugar, la prueba no demostraba que su representado era culpable, y en segundo lugar, que si era culpable de algún delito, lo era del delito frustrado de falsa representación,· y no del de falsificación. El artículo 413 del Código Penal define el delito de falsificación, así como el de negociar un documento falsificado, como se verá por un exámen del mismo, que á la letra dice:

"Artículo 413.—Será reo de falsedad, toda persona que, con intención de defraudar á otra, falsificare, alterare, contrahiciere ó imitare cualquiera carta partida, carta patente, escritura, contrato de arrendamiento, convenio, obligación, testamento, codicilo, comprobante de pensión, bono, pacto, billete de Banco, vale, obligación, cheque, libranza, letra de cambio, contrato, pagaré, cuenta de vencimientos para el cobro de dinero ó bienes, recibo de dinero ó bienes, boleta de pasage, poder, ó cualquier certificado de acción, derecho ó interés en el capital de alguna corporación ó sociedad, ó libramiento de algún contador contra la tesorería, ú orden ó libramiento de tesorero, ó petición para el pago de dinero ó entrega de mercancías ó bienes muebles de cualquier clase, ó para la entrega de cualquierá escrritura, finiquito, descargo, ó recibo por dinero ó generos, ó cualquier finiquito, relevación ó descargo de alguna deuda, cuenta, pleito, acción, demanda, ú otra cosa inmueble ó mueble, ó cualquier traspaso ó transferencia de dinero, certificado de acciones, géneros, bienes muebles ó semovientes, ó cualquiera otra propiedad, ó cualquier poder ó autorización para recibir dinero, ó para recibir ó trasportar certificados de acciones ó de anualidades, ó para alquilar, arrendar, enajenar, ó traspasar mercaderías, bienes muebles ó semovientes, terrenos, tenencias, ú otra propiedad inmueble ó mueble, ó cualquiera aceptación ó endoso de letra de cambio, pagaré, libranza, órden ó traslación, cesión de bonos, ú obligación por dinero ú otra propiedad; ó que falsificare ó imitare el sello ó letra de otra persona; ó que emitiere, circulare, pasare, ó intentare pasar como genuino, cualquiera de las susodichas falsificaciones, imitaciones ó alteraciones, sabiendo que lo son, con intención de perjudicar, dañar ó defraudar á alguna persona; ó que con intención de defraudar, alterare, viciare, ó falsificare la incripción de algún testamento, codicilo, traslación de dominio, ú otro documento, cuya inscripción constituya prueba en juicio, ó el registro de la sentencia de algún Tribunal ó diligencia practicada por algún funcionario, en cumplimiento de mandamiento judicial."

El abogado defensor afirmó que el artículo 470 que define el delito de estafa, debía aplicarse á los hechos de este

gery, and also of uttering a forged instrument, as will be
seen by a perusal of the same, which reads as follows :

"Section 413.—Every person, who with intent to defraud another, falsely
makes, alters, forges, or counterfeits any charter, letters-patent, deed, lease,
indenture, writing obligatory, will, testament, codicil, annuity, bond, cove-
nant, bank-bill, or note, post-note, check, draft, bill of exchange, contract,
promissory note, due bill for the payment of money or property, receipt for
money or property, passage ticket, power of attorney, or any certificate for
any share, right or interest in the stock of any corporation or association, or
any comptroller's warrant for the payment of money at the treasury, treas-
urer's or order warrant, or request for the payment of money, or the deli-
very of goods or chattels of any kind, or for the delivery of any instrument
of writing, acquittance, release, or discharge for any debt, account, suit,
action, demand, or other thing, real or personal, or any transfer or assurance
of money, certificates or shares of stock, goods, chattels, or other property
whatever or any letter of attorney, or other power to receive money, or to
receive or transfer certificates of shares of stock or annuities, or to let, lease,
dispose of, alien, or convey any goods, chattels, lands, or tenements, or other
estate, real or personal, or any acceptance or indorsement of any bill of
exchange, promissory note, draft, order or assignment of any bonds, writing
obligatory, or promissory note for money or other property, or counterfeits
or forges the seal or handwriting of another, or utters, publishes, passes or
attempts to pass, as true and genuine, any of the above named false, altered,
forged or counterfeited matters, as above specified and described, knowing
the same to be false, altered, forged or counterfeited, with intent to prejudice,
damage, or defraud any person; or who with intent to defraud, alters,
corrupts, or falsifies any record of any will, codicil, conveyance, or other
instrument, the record of which is by law evidence, or any record of any
judgment of a court or the return of any officer to any process of any court,
is guilty of forgery."

Counsel for the defendant contended that article 470 which
defines the crime of swindling, should be applied to the
facts of this case, but a casual perusal of this article will
show that it has no application to such facts.   It reads as
follows :

"Section 470.—Every person who knowingly and designedly, by false or
fraudulent representation or pretenses, defrauds any other person of money
or property, or who causes or procures others to report falsely of his wealth
or mercantile character, and by thus imposing upon any person obtains
credit, and thereby fraudulently gets into possession of money or property, is

caso, pero por una lectura de este artículo, se verá que no tiene aplicación á tales hechos.   A la letra dice así :

"Artículo 470.—Toda persona que á sabiendas é intencionalmente, valiéndose de falsas y fraudulentas simulaciones, defraudare dinero ó bienes á otra persona, ó que hiciere ó consiguiere que otros diesen informes falsos respecto á su posición financiera ó reputación mercantil, y engañando de este modo á alguna persona, consiguiere crédito por el cual se hiciere fraudulentamente de dinero ó bienes, incurrirá en la pena señalada para el hurto de la cantidad de dinero ó bienes así obtenida ".

El abogado defensor también hace referencia al artículo 430 que trata de hurto de mayor cuantía, y no se puede aplicar al caso.   Hay otros puntos alegados por el abogado defensor, en su alegato presentado en esta causa, pero no es necesario presentarlos detalladamente.   El Fiscal de este Tribunal impugna este recurso, citando los hechos probados en el juicio, y consignando que los autos no contienen declaración de excepciones.   También alega que los hechos probados, en el acto del juicio, en el Tribunal inferior, constituyen el delito de falsificación ; y aunque es cierto que el Tribunal declaró que no podía venirse en conocimiento de quien fuera el autor material de la carta, declara también que la carta no era de Doña Rosalía Santiago, estando falsificada su firma, y que el acusado usó de dicha carta, á sabiendas de que no era legítima, ni en su firma, ni en su contenido, y con la dañada intención de defraudar su fiador. En cuanto á la falta de la declaración de excepciones en esta causa, no se presenta en los autos ninguna cuestión que la haga necesaria, como se verá por la lectura de las secciones 294, 296 y 297 de la Ley de Enjuiciamiento Criminal. El error, si es que el Tribunal sentenciador ha cometido alguno, consta claramente en los autos, consistiendo, como se alega por el abogado defensor, en haber declarado culpable al demandado de un delito, cuando los hechos demuestran que era culpable,—si es que lo era,—de otro.   Los hechos demuestran claramente que se ha cometido el delito, é indican con bastante seguridad, que el acusado fué el autor.

punishable in the same manner and to the same extent as for larceny of the money or property so obtained."

Counsel also refers to article 430, which treats of grand larceny, but said article does not apply to this case. Other points are made by counsel, in his brief filed herein, but it is not necessary to introduce them in detail.

The Fiscal of this court opposes this appeal, reciting the facts proven on the trial, and pointing out that there is no bill of exceptions contained in the record. He also contends that the facts proven on the trial, in the court below, constitute the crime of forgery, and that although the court which tried the case declares that it has not been possible to ascertain who was the real author of the order, it declares that the same was not the act of Mrs. Santiago, the signature being a counterfeit and that the accused used the same, knowing that it was a counterfeit and not genuine in any respect, with the intention of defrauding his creditor.

In regard to the absence of a bill of exceptions in this case, there is no question presented in the record rendering a bill of exceptions necessary, as will be seen by sections 294, 296, and 297 of the Code of Criminal Procedure. The error, if any, committed by the court below, is apparent on the record as it stands, consisting, as it is alleged to do by defendant's counsel, in convicting the defendant of one crime, when the facts show that he was guilty, if at all, of another. The facts plainly show the crime to have been committed, and designate with sufficient certainty the defendant as the author. If he did not himself forge the instrument, that is to say, if he was not the material author of the crime of actual forgery, he committed the equivalent crime of presenting the forged paper with the knowledge of its falsity, for the purpose of avoding the payment of a just debt. He proposed to reap the benefit of a crime which he or some other person committed, and is therefore guilty under article 431 of the Penal Code, which punishes the

Si él mismo no falsificó el documento, es decir, si él no es el autor material del delito de falsificación, cometió el delito equivalente, de presentar el documento falsificado, á sabiendas de que no era legítimo, con el objeto de eludir el pago de una deuda justa. Él se propuso sacar partido de un delito que él ú otra persona cometió, y es por lo tanto culpable, bajo el artículo 413 del Código Penal, que castiga dicho delito con presidio desde uno á catorce años. No hay, por lo tanto, error en la sentencia dictada por el Tribunal sentenciador, ni motivo por el cual debe modificarse la sentencia, ni aparecen tampoco circunstancias atenuantes en los autos; por lo tanto debe afirmarse y hacerse cumplir la sentencia dictada por el Tribunal de Distrito. De consiguiente, la sentencia de este Tribunal se dictará conforme á lo anteriormente expuesto.

offense by imprisonment in the penitentiary from one to fourteen years.

There is therefore no error in the judgment of the trial court, and no reason whatever for modifying this sentence, nor do any circumstances of attenuation appear from the record, therefore, the judgment of the District Court should be affirmed and enforced. The judgment of this court will accordingly be so rendered.

*Affirmed.*

Messrs. Chief Justice Quiñones and Associate Justices Hernández, Figueras and Sulzbacher, concurring.